# J. L. JARNAGAN

*v.*

# HOMER GAINES.

MORTGAGE—*release by taking new notes under composition agreement.*
Where a party, having a note secured by mortgage, and after the institution
of proceedings in bankruptcy by him against the maker, enters into an
agreement with the other creditors of the maker to dismiss the proceedings
in bankruptcy, and to take a new note, payable in two years·from date, without interest, in the absence of proof of the intention of the parties, the taking
of such new note will operate as a release of the mortgage.

APPEAL from the Circuit Court of Knox county; the Hon.
ARTHUR A. SMITH, Judge, presiding.

Mr. P. H. SANFORD, for the appellant.

Messrs. DOUGLASS & HARVEY, for the appellee.

Per CURIAM: January 15, 1874, the firm of Robinson &
Sons, composed of Payson A., Moses, and Charles S. Robinson,
were indebted to J. L. Jarnagan, the appellant, in the sum of
$2000, for borrowed money, and on that day gave to him
therefor their two promissory notes, of $1000 each, payable in
one year, with ten per cent per annum interest.

February 2, 1874, Moses Robinson and wife executed to
Jarnagan a mortgage, to secure the payment of one of said
$1000 notes, on a store building and lots in Victoria, Knox
county, Ill., in which building the firm was doing business,
Moses Robinson being the owner in fee of the mortgaged
property, the mortgage being filed for record Feb. 6, 1874.
The firm was, at the time, in failing circumstances.

Some three or four weeks after the execution of the mortgage, Jarnagan, with the full knowledge and consent of the
firm, filed his petition in bankruptcy against the firm in the
United States District Court at Chicago.

In the latter part of March, 1874, there was an arrangement
between the firm and some of its creditors, to extend the time

of the payment of their debts for two years, and let them go on in business, and the following agreements, in writing, were executed:

"CHICAGO, *March* 25, 1874.

"We, the undersigned, hereby agree to accept from Robinson & Sons, of Victoria, Ill., their notes, in equal payments of three, six, nine and twelve months, without interest, in full settlement of our respective claims, not to be binding unless agreed to by all his Chicago creditors."

Signed by eight Chicago firms.

"VICTORIA, ILL., *March* 30, A. D. 1874.

"We, the undersigned creditors of Robinson & Sons, in consideration that J. L. Jarnagan will dismiss his petition in bankruptcy, filed against them in the United States District Court at Chicago, do hereby agree to accept from said Robinson & Sons their notes, to be drawn due two years after this date, without interest, in full settlement of our respective claims."

Signed by J. L. Jarnagan and six others.

Jarnagan dismissed his petition in bankruptcy, and surrendered up the note described in his mortgage, taking in lieu thereof the note of Robinson & Sons for $1000, payable in two years, without interest, and did the same with respect to his other note of $1000.

In the latter part of May, 1874, the firm, becoming satisfied they could not go on and do business for two years and pay their debts, made a general assignment of their property, May 29, 1874, to Chauncey Gaines, for the benefit of their creditors. On the same day, Moses Robinson and wife made a deed of the mortgaged property to Chauncey Gaines, in trust and for the purposes of the assignment. July 21, 1874, Chauncey Gaines sold the mortgaged premises, at public sale, to Homer Gaines, the appellee, for $1200, and executed to him a deed therefor.

This bill in equity was filed by Homer Gaines against Jarnagan, for the cancellation of the mortgage of the latter, and

its removal as a cloud upon the title of Homer Gaines. The court below, upon hearing on the pleadings and proofs, decreed the relief sought, and the defendant appealed from the decree.

It is insisted on the part of the complainant, that by reason of the defendant's signing said agreement of March 30, 1874, and surrendering to the firm his note secured by the mortgage, and taking a new note therefor, due in two years, without interest, the debt was paid and the mortgage lien destroyed.

There is some incompetent hearsay testimony, tending to show a distinct intention that the mortgage should be released, and there is some testimony of subsequent admissions of Jarnagan, to the effect that he considered the mortgage released, but in view of the explanatory evidence on his part, perhaps this should be regarded as but his legal conclusion as to the legal effect of what had been done. Taking the competent evidence only, there is little else in the testimony to show any intention on the part of either of the parties, or any of the creditors, that the mortgage should be released, than the mere transaction itself, namely, the execution of the above writings, and the surrender up and exchange of notes as mentioned in the circumstances under which the same was done. And a majority of the court are of opinion that was sufficient; that the mortgage was released by the facts detailed, without proof of any distinct intention that it should be released; that its release was the legal effect of the transaction itself.

The decree will be affirmed.

*Decree affirmed.*